## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISOPHER MAZIER** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **DDT INC., CHEROKEE INSURANCE COMPANY, HAKEEM A. HILDRETH,** | * * | **MAGISTRATE:** |

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Plaintiff, **CHRISTOPHER MAZIER**, a person of the full age and majority residing and domiciled in the State of Louisiana, who respectfully pleads the following averments:

**I.**

Defendant, **DDT INC.**, is a non-Louisiana business corporation domiciled in the State of Tennessee, and whose registered agent for service of process is DDT, INC., 219 Springfield Lane, Jacksboro, TN 37757-2235.

**II.**

Defendant, **CHEROKEE INSURANCE COMPANY**, (hereinafter "**CHEROKEE**") is a non-Louisiana insurance company domiciled in the State of Michigan, and who can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

**III.**

Defendant, **HAKEEM A. HILDRETH**, is a person of the full age of majority and domiciliary of the State of Alabama, who can be served at his domicile at 5350 Ken Sealy Drive, Apt. B116, Cottondale, AL 35453.

**IV.**

This Honorable Court possesses subject matter jurisdiction by virtue of 28 U.S.C. § 1332, based on the diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

**V.**

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391(b)(2) as the events giving rise to the claim occurred in this federal district, particularly, in the Parish of Orleans, State of Louisiana.

**VI.**

The Defendants, DDT INC., CHEROKEE, and HAKEEM HILDRETH, are truly, justly, legally, and solidarily bound unto Plaintiff for the full sum and amount to be determined by this Honorable Court, together with legal interest and court costs.

**VII.**

On or about November 8, 2021 at approximately 7:30 a.m., in the Parish of Orleans, State of Louisiana, on Interstate 10 westbound at or near the Crowder Blvd. on-ramp, a rear-end collision took place between a 2012 Freightliner truck and attached trailer, operated by HAKEEM HILDRETH and owned by DDT, INC., and/or ROBERT HILDRETH, JR., and a 2005 Toyota Camry, operated by Plaintiff, CHRISTOPHER MAZIER.

**VIII.**

The aforementioned collision was, upon information and belief, due to the negligence and/or fault of Defendant, HAKEEM HILDRETH, as listed in, but not limited to, the following particulars:

a. Failing to operate his truck and trailer in a safe manner;

b. Failing to take reasonable precautions to avoid the crash;

c. Carless operation of a motor vehicle;

d. Following too closely;

e. Failing to see what he should have seen;

f. Failure to use reasonable vigilance;

g. In negligently colliding into the Plaintiff's vehicle;

h. In driving inattentively; and

i. Any and all other acts of negligence and/or fault which will be proven at a trial on the merits.

**IX.**

At all times pertinent hereto, Defendant, CHEROKEE, was believed to be the automobile liability insurer of HAKEEM HILDRETH and/or his employer DDT, INC., and/or the truck and trailer operated by HAKEEM HILDRETH, which policy of automobile insurance was in full force and effect at all times pertinent hereto and rendered CHEROKEE liable jointly, severally, and in solido with its insured, HAKEEM HILDRETH and/or his employer, DDT INC., to Plaintiff herein.

**X.**

At all times pertinent hereto, it is believed that HAKEEM HILDRETH was in the course and scope of his duties under his employment with DDT INC., and therefore, DDT INC. is liable for any and all acts of fault and/or negligence attributable to HAKEEM HILDRETH under the doctrine of respondeat superior.

**XI.**

At all times pertinent hereto, DDT INC. was the employer of HAKEEM HILDRETH and owner of the truck and/or attached trailer operated by HEKEEM HILDRETH in the course and

scope of his employment, and upon information and belief, is guilty of negligence and/or fault in causing the subject crash, as listed in, but not limited to, the following particulars:

a.  Negligently screening, hiring and retaining HAKEEM HILDRETH as an employee;

b.  Failing to properly supervise HAKEEM HILDRETH in the operation of company vehicles;

c.  Failing to properly train HAKEEM HILDRETH in the operation of company vehicles;

d.  Allowing an unfit, unsafe, and/or incompetent driver to operate a company vehicle;

e.  Allowing HAKEEM HILDRETH to operate a company vehicle in reckless and careless manner; and

f.  Any and all acts of fault and/or negligence which will be proven at a trial on the merits.

## XII.

As a result of the aforementioned crash, Plaintiff, CHRISTOPHER MAZIER, has sustained severe, painful, permanent injuries which have necessitated continued and numerous doctor visits and other out of pocket charges for which Plaintiff seeks reasonable and adequate compensation for his past, present, and future special damages. Plaintiff further sustained and suffered much pain and suffering, inconvenience, mental anguish, emotional distress, loss of enjoyment of life, lost wages and loss of earning capacity, and other intangible damages as a result of the injuries sustained in this November 8, 2021 accident, and Plaintiff seeks reasonable and adequate compensation for his past, present, and future losses and damages.

## XIII.

Plaintiff avers that all expert fees required in the trial of this case should be assesses as costs and that the Defendants should be cast in judgment for said costs.

**XIV.**

Plaintiff reserves his right to supplement and amend this complaint, as additional facts become known to him.

**WHEREFORE**, Plaintiff, CHRISTOPHER MAZIER, prays that Defendants, DDT INC., CHEROKEE, and HAKEEM HILDRETH, be duly served with a copy of this Complaint in accordance with the law and cited to appear and answer it, and after all legal delays and due proceedings have been had, that there be judgment in favor of Plaintiff and against Defendants, jointly, severally, and in solido for a reasonable amount to compensate Plaintiff for his damages, together with legal interest from date of judicial demand until paid, and all expert fees and costs of these proceedings. Plaintiff further prays for all general and equitable relief allowed by law.

Respectfully submitted,

TONRY & GIRAUD

/s/ Cullen Tonry
**Cullen Tonry (La. Bar 29457)**
Patrick Giraud (LSB No. 29877)
2300 Pakenham Drive
Chalmette, La 70043
Telephone: 504-453-6624
Facsimile: 504-324-5364
cullen@tonrylaw.com
*Counsel for Plaintiff*